# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KRISTAL CLARK ) | Criminal No. 07-01 Erie |

## MEMORANDUM ORDER

McLAUGHLIN, J.

Presently pending before the Court is Kristal Clark's Motion for Reduction of Sentence [Doc. No. 11].

On January 19, 2007, Clark plead guilty to a mail fraud scheme to defraud investment clients of approximately $3.1 million, and to evade the payment of income taxes for the tax years 2001, 2002 and 2003 [Doc. No. 6]. On May 3, 2007, Clark was sentenced to seventy (70) months in prison, was ordered to pay restitution in the amount of $3,391,277, and was ordered to forfeit to the United States real estate located at 789 Congress Hill Road in Franklin, Pennsylvania, as well as four motor vehicles [Doc. No. 9]. Clark did not appeal this sentence.

On March 24, 2008, Clark filed *pro se* two letters requesting a reduction in her sentence. Three arguments are raised in support of this motion. First, Clark asserts that she is entitled to a "safety valve" reduction. Second, she asserts that a reduction is proper under Federal Rule of Criminal Procedure 35(b) because of her substantial assistance to the government. Finally, Clark requests that the sentences she received of sixty (60) months and ten (10) months run concurrently rather than consecutively. For the reasons that follow, Clark's motion shall be denied.

First, we reject Clark's contention that she is entitled to a "safety valve" reduction. The safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 provide relief to a defendant facing a mandatory minimum sentence as a result of a controlled substance offense. Here, Clark was not charged with a controlled substance offense. Nor did she face a mandatory minimum sentence. The two level guideline safety valve reduction found at U.S.S.G. § 2D1.1(b)(11) only applies to the extent that a defendant faced a mandatory minimum sentence and was charged with a controlled substance offense.

With respect to Clark's second argument, Rule 35(b) provides in relevant part that:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

Fed.R.Crim.P. 35(b)(1). The Government has represented that Clark "did not provide substantial assistance in 'investigating or prosecuting another person.'" See Government's Response p. 2. Clark therefore is not entitled to a reduction for having provided substantial assistance to the prosecutor.

Clark's last argument requesting that the Court run her sentences concurrently fares no better. Rule 35(a) of the Federal Rules of Criminal Procedure provides in pertinent part: "(a) **Correcting Clear Error.** Within 7 days after sentencing, the court may correct a sentence that resulted form arithmetical, technical or other clear error." The seven day period is jurisdictional. See United States v. Colaizzi, 2007 WL 3120423 at *1 (W.D.Pa. 2007); United States v. Harris, 2004 WL 350171 at *1 (E.D.Pa. 2004). Because Clark's motion is untimely, the Court lacks jurisdiction to "correct" Clark's sentence. United States v. Harris, 2005 WL 23338 at *3 (E.D.Pa. 2005). Furthermore, there was no clear error in the original sentence.

Accordingly, on this 25th day of April, 2008, for the reasons set forth above,

IT IS HEREBY ORDERED that Clark's Motion for Reduction of Sentence [Doc. No. 11] is DENIED.

/s/    Sean J. McLaughlin
        United States District Judge

cm:    All parties of record.