# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | Criminal No. 07-01 Erie |
| KRISTAL CLARK | ) | |

## MEMORANDUM ORDER

McLAUGHLIN, SEAN J., DISTRICT JUDGE.

Presently pending before the Court is the Defendant, Kristal Clark's ("Clark") Motion to Amend Sentence. [ECF No. 15].

Clark pled guilty on January 19, 2007, to an Information charging her with a mail fraud scheme to defraud investment clients of approximately $3.1 million, and to evade the payment of income taxes for the tax years 2001, 2002 and 2003. [ECF No. 4]. Clark was subsequently sentenced on May 3, 2007 to seventy (70) months in prison, was ordered to pay restitution in the amount of $3,391,277, and was further ordered to forfeit certain real property and four motor vehicles. [ECF No. 9]. Pursuant to the plea agreement, Clark waived the right to file a direct appeal from her conviction of sentence; therefore, no appeal was filed. [ECF No. 6-1, ¶ A.17]. Clark further waived the right to file a motion to vacate sentence under 28 U.S.C. § 2255 attacking her conviction or sentence, as well as the right to file any other collateral proceeding attacking her conviction or sentence. [ECF No. 6-1, ¶ A.17].

On March 24, 2008, Clark filed *pro se* two letters requesting a reduction in her sentence based on the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 2D1.1(b)(11), and the substantial assistance provisions of Rule 35(b). [ECF No. 11]. She further requested that the Court modify her sentences to run concurrently rather than consecutively. [ECF No. 11].

In a Memorandum Order dated April 25, 2008, this Court denied Clark's request for a reduction in her sentence, finding that the safety valve provisions and the Rule 35(b) substantial assistance provisions were not applicable to her case. [ECF No. 13]. I further found that Clark's motion was untimely under Rule 35(a) of the Federal Rules of Civil Procedure and that there was

no clear error in the original sentence.[1] Accordingly, I concluded the Court lacked jurisdiction and denied her motion seeking a reduction of her sentence. [ECF No. 13].

On November 30, 2010, Clark filed a letter *pro se* requesting that the Court amend her sentence to reflect that a portion of her sentence include six months at a half-way house and six months of home incarceration, pursuant to the Second Chance Act, 18 U.S.C. § 3624. [ECF No. 15]. For the reasons that follow, Clark's motion will be denied.

The Second Chance Act provides that, when a prisoner nears the end of his or her prison term:

> The Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1); see also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 240 (3rd Cir. 2005). This provision vests the BOP, and not the courts, with authority over an inmate's pre-release custody, including home confinement. See United States v. Smith, 2007 WL 1412069 at *1 (W.D.Pa. 2007) ("The plain meaning of the statute, however, does not give *the sentencing court* the authority to order, as petitioner requests, that a prisoner spend a certain amount of time in home confinement.") (emphasis in original); United States v. Shipley, 286 F. Supp. 2d 499, 500 (W.D.Pa. 2003) ("[P]re-release custody placement ... is a matter committed to the authority of the Bureau of Prisons."). Consequently, this Court has no authority to amend Clark's sentence and order placement pursuant to this provision. Smith, 2007 WL 1412069 at *1.

Moreover, in the event that Clark may seek to challenge any decision by the BOP in connection with the Second Chance Act,[2] such claim must be raised by filing a motion pursuant

---

[1] When Clark was sentenced, Rule 35(a) of the Federal Rules of Criminal Procedure provided, in pertinent part: "(a) **Correcting Clear Error.** Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error." Fed.R.Crim.P. 35(a). On December 1, 2009, the Rule was amended to provide for a fourteen-day time limit. Fed.R.Crim.P. 35(a) (2009); United States v. Morales, 2010 WL 704252 at *2 n.1 (W.D.Pa. 2010).

[2] The BOP has not made a recommendation for Clark's length of Residential Reentry Center placement because her "good credit time" release date is not until July 17, 2012. See Government's Response, p. 5 n.1.

to 28 U.S.C. § 2241 and must be filed in the district where the inmate is confined. See Woodall, 432 F.3d at 243-44 (holding that a federal prisoner's challenge to the BOP's decision regarding placement is a challenge to the execution of a sentence cognizable under § 2241); United States v. Matthews, 2010 WL 4388067 at *2 (W.D.Pa. 2010) (citing cases).[3]

Accordingly, on this 24th day of February, 2011, for the reasons set forth above,

IT IS HEREBY ORDERED that Clark's Motion to Amend Sentence [ECF No. 15] is DENIED.

                                        /s/      Sean J. McLaughlin
                                                United States District Judge

cm:    All parties of record.

---

[3] Clark is presently incarcerated at the Federal Prison Camp in Alderson, West Virginia. See Motion p. 2.